The next matter on our calendar is United States v. Jose Moyhernandez. Mr. Fields, long time no see. Yes, Your Honor. It's a pleasure to be back before the Court. Good morning. May it please the Court, my name is Daryl Fields and I represent Mr. Jose Moyhernandez. In this case, it was not disputed that Mr. Moyhernandez was eligible for a sentence reduction under the First Step Act. But the District Court declined to exercise its discretion to reduce the sentence. And in doing so, it made two legal errors. But you don't deny that it has a perfect right not to exercise its discretion to reduce the sentence? It does have a perfect right, yes. We argue it's an abuse of discretion in the sense that an abuse of discretion occurs when a court makes a legal error. And so we argue that the court made two legal errors. The first one concerned its decision that it did not need to apply the 3553A factors. And the second error was that it appeared from the record that the court believed that Mr. Jose Hernandez's career offender status precluded him from getting a reduction of his sentence. I'd like to start with the to address the second issue concerning the career offender. If his career offender status, because that concerns a settled issue of law, an issue of law settled by this court's decision in Holloway, which is an interfering decision, the district court did not have the benefit of holiday of Holloway. And a combination of factors in this case indicates that the district court believe that. It's. Disapprehended its authority to the part, I mean, to grant Mr. Jose Hernandez, Mr. Hernandez, a sentence reduction. Where do you read that? We don't have any oral decision from Judge Prescott, only two written, a short form order and a longer order. How do you know that the district court misapprehended its ability to reduce the sentence? I don't see that. Yes, you are. Well, on the in the court's decision page, which is in the appendix and on page four of the court's decision, which is at the appendix of page 61, the court it merely refers to Mr. Boyd Hernandez's career offender status refers to it twice. And the fact that it hasn't changed and in its order that it issues on March 11th, 2020, which is still a month and a half before Holloway, the court cites sentencing guidelines, Section 1B1.10. That form does. And that guideline limits a person's limits the court's authority to grant a sentence reduction to cases in which the form states the sentencing range has subsequently been lowered and made retroactive by the United States Sentencing Commission. So the combination of these factors that the court only mentions in its in its written ruling, the career offender status and that is unchanged and that in its written order, it refers to the policy statement of the guidelines that restricts the court's authority. And it also cites to the statute which restricts the court's authority to reduce a person's sentence to situations in which the sentencing guideline range has changed. Mr. Fields, I'd like you to turn to the other issue, whether 3553A factors can be mandatory. There's a circuit split, as you're well aware, to join. I think it is the third, fourth and I forget the third circuit that has taken the position. Yes, Your Honor. That it's mandatory because of the language talking about as Judge Greenaway does in Easter, because imposing is different than resentencing. Speak to that, would you? Yes, Your Honor. This court's decision in Moore is contrary to many of those cases like Chambers and in others that have decided that. 3553A factors are mandatory because they... Can I pause you right there? Are we bound by Moore? By this court's decision in Moore, yes, you are. We respectfully contend that Moore was wrong. We decided there's a circuit split. The Supreme Court will decide that. So without arguing the language, I would argue based on principally the case I... It is the case that 3553A is not mentioned in the first step back. But if it's not mentioned, then that means that a court's decision whether to grant or deny any reduction is unfair. There is no limiting principle, no discretion, I mean, no standard to guide the court's exercise of its discretion. And this is a very significant statute. It's a bipartisan statute. It's a combination of the Fair Sentencing Act of 2010 and the first step back to 2018. So it's a very important public policy so that the defendant, defendant's family and the public as a whole should have some idea of how the courts is exercising its discretion. And 3553A factors are, I'm sorry, are the standard. Counselor, how is it all? Could we distinguish Moore even if we agreed with you? Yes, well, first, as I say, we will argue that Moore is wrong. But Moore is based on the statutory language, is based on this interpretation of the language in 404C that only gives the defendant one motion and that a court has to make a determination on the merits. Then the defendant is precluded from filing another motion. And the court also based it on the language in 404B in its interpretation of the imposition. So this court is bound by that. We take the different we and as I say, we argue that is incorrect. But our position is also that it is the case that if you just rely on the language of 404B, then the court's discretion is unfettered. But a district court's discretion when it comes to the imposition of a sentence, making a decision that we decide how long a person stays in jail is never unfettered. There's always some standard. And so as in the White case, the standard should be the standard that the federal courts use. It is always assumed that Congress legislates against the backdrop of existing law and the backdrop of existing law in federal court. The sentencing determinations, though, follow the standard, statutory standards set forth in 4553A. That's been the predominant standard for the last 15 years. Courts know how to apply it. The public can understand it. And a court's discretion should not be unfettered because otherwise a judge can make its own decision. A judge can decide, as appears to be the case here, looking at the written ruling, that the offender was a career offender. And she makes a conclusory statement that he had a long criminal record. Every criminal, any person designated a career offender has that long criminal record. So a court can have its own rules that your career offender and you got the bottom of that range, you don't qualify. But there are other factors in 4553A that should be examined. Counsel, just let me make clear a question I asked you before, but I'm going to ask you again. Assume we agree that reciting the 3553A factors, or not just reciting, but considering them, was required by Judge Bacosta. And we remand to her, you don't deny that she could write a new opinion saying, I have considered the 3553A factors and imposed the same sentence. And that would be legally impeccable. Isn't that correct? That's correct, Your Honor. Any court has the authority to assess what weight to give any one of the particular 3553A factors. She may give one factor more weight than the other. But at least we know that it wasn't based on a misapprehension of her authority. A misapprehension of the fact that he's a career offender and his sentence wasn't reduced. And he got the bottom of that range. That's the only thing that's mentioned in her written opinion. Which, as I said, she didn't have the district court didn't have the benefit of this court's decision in Holloway. So and it is the only case that the district judge does cite is the district court in Ohio, where that court does reach that conclusion. That the career offender status in Ohio was embanked by the Sixth Circuit, wasn't it? I believe it was withdrawn and embanked. I'll check. But the Sixth Circuit did send it back with directions that the defendant is eligible for a sentence reduction, despite the fact that he remains a career offender. But that's the only case that the district judge did hold that your client is eligible. Yes. Eligibility is not an issue here. Yes. Yes. Eligibility isn't an issue. But it's the combination of factors here. The fact that her written judgment cites to the sentencing guideline that's restrictive. The fact that her written, you know, he mentions that he's a career offender and it was unchanged. And the only case decided is that district of Ohio. This combination of factors that leads to the indicates that the judge may have misapprehended her discretion to reduce the sentence. Thank you. Thank you. You have reserved two minutes for rebuttal. Thank you. May it please the court. Assistant United States Attorney Kadar Bhatia to the United States. The district court did not commit any error, let alone plain error in finding that defendant, Jose Hernandez, was eligible for resentencing under the First Step Act. It is a matter of the court's discretion that his sentence would not be reduced. The briefing before the district judge at the trial level showed that the party submitted extensive briefing on the circumstances of the offense, which included the sale of a firearm to sales to undercover officers and intercepted communications. The parties had briefed the applicable guidelines, which remain unchanged from 360 months to life. And the parties had briefed the defendant's conduct since his sentencing in 2000, which included a number of very serious incidents while incarcerated. With all of that argument and with all that briefing, the district judge exercised her discretion to keep his sentence as is. In a substantive ruling. Let me ask you this, counsel. I mean, your adversary used the word unfettered to describe the level of discretion that you were arguing for. And oh, that seems to be what you're arguing, that that the discretion is unfettered. There are very few forms of discretion that are not limited by some consideration that has to be made. Do you agree that that her consideration is unfettered? She could do whatever she wanted. Judge Jacobs, we in this case, we don't believe that this court needs to take a side in the circuit split that's developed among the circuits because here it based on the judge's ruling, based on the briefing and, of course, based on the form that was filled afterwards. The record shows that Judge Prescott did consider the 3553A factors. So I don't think the court needs to take a position on whether she had unfettered discretion, whether the 3553A factors are required or not, because ultimately the record shows that she did rely on them. It shows that she did rely on what? The 3553A factors? She said she didn't. She said she didn't. Judge Prescott, of course, as we've seen in the ruling, noted that there was no mandate to decide, to rely on the 3553A factors. I think what it reminds me of is the district judge saying, I wish I didn't have to rely on the sentencing guidelines, but here are the guidelines. And so here, Judge Prescott's ruling that there was no mandate to rely on the 3553A factors was belied by the fact that she went on and, of course, did rely on them and then filed the AO form afterwards. Judge Mukasey, who originally sentenced Mr. Moy Hernandez, was very unhappy about the mandatory minimum. If you read that sentencing transcript. That's right, Judge Pooler. Judge Mukasey did make comments about the guidelines as they bound him prior to Booker. But notably, Judge Mukasey did say that he would have enforced a slightly lower sentence of 24 years based on the record before him. He suggested in the hypothetical, of course, indicted that he might have done that if there weren't guidelines at play. Is it the policy of your office to oppose a case like this? The imprisoned petitioner here is 56 years old. He's already served 23 years and will be deported as soon as he is released. Do you have a process whereby you decide to oppose this or every application that comes along? Your Honor, we don't oppose every First Step Act application. In this case, we thought it was warranted to oppose. The circumstances here of the underlying offense were quite serious, involving, of course, a firearm and a broader narcotics investigation. But the particular circumstances of the defendant here to really jump off the page. This was the defendant's fifth serious narcotics conviction by the age of 31. He had one prior conviction for escape. Immediately after he was arrested in this case, he was released on bail and then fled bail to Massachusetts. When he was later arrested, he was, of course, put to trial. He testified at a suppression hearing and Judge Mukasey ultimately did not credit his testimony. He later was the only defense witness at trial. And of course, the jury did not credit his testimony because he was convicted. So the unique circumstances of this case, I think, certainly warrant the original judgment. And at the time, the government sought that sentence. But isn't Mr. Hernandez the very kind of person that the First Step Act was designed to help? Your Honor, as I mentioned, we think that in this case, it was warranted. He's been in prison a really long time. He's not going to stay in this country. And he's now 56 years old. So we have to think that he's beyond the days of selling guns. Or maybe maybe you think he's not beyond those days. Your Honor, we consider each case individually and here we thought it was merited to defend the district judge's initial ruling. OK, well, personally, I think it's a waste of resources to keep this guy in jail before he's deported. But the government does what the government does. I'll continue. On the other hand, if he's deported, there's very little that stops him from coming back in again. Well, that's a different issue. That's not before us, Judge Jacobs. Counselor, you can continue. Judge Jacobs and I had our little colloquy. Certainly. Ultimately, the district court, we believe, did not commit any error for the reasons I mentioned. And we also believe it certainly was not any plain error under the familiar standard that this court deals with all the time. First, the standard of review. Counsel, the district court did say that, you know, there's no mandate to consider the 3553 factors. But why would it should have said that if the issue wasn't raised below? The judge was was commenting on on the standard for evaluating First Step Act applications, but it had not been briefed by the parties, certainly not by the defense. But he claims Mr. Moynihan claims it's inherent in the relief he was seeking. That's right, Your Honor, but because it had not been raised in the court below, then it's evaluated here for under the plain error standard rather than some lower standard. Well, if it's an error, it's plain, if we find it's error at all. We don't believe that there was any error at all. Right. And we don't believe that it was a plain error, both because it was not clear or obvious. It had not been decided by this circuit. And as the defendant put in a 28-J letter yesterday, there's an ongoing split amongst the circuits. So the district court certainly did not err. We don't believe they erred. And we certainly believe they didn't err in a way that was clear or obvious. Next, it was not there was no error in a way that affected his substantial rights. The parties had briefed before the district court the nature and circumstances of the offense. His criminal history. I'm not sure I understand why plain error review applies here, because the counsel for Mr. Moynihan has argued that Judge McKay's made clear two decades ago that if the guidelines were not mandatory, he would have exercised his discretion under 3553 to impose a lower sentence. And the First Step Act now gives that discretion to Your Honor. So why isn't that an argument that the court had discretion under 3553? It was an argument that the district judge had discretion once the defendant was found eligible under the First Step Act. But it was not an argument that the district judge had discretion specifically under the 3553A factors, which is what the argument is now. And so we don't believe that that kind of reference to the to the factors and to discretion is enough to constitute raising that argument in the court below such that it would be evaluated under a lower standard. But it appears that that Judge Preska thought that that argument was being made because she expressly responded to it. She said, I don't have to. She noted as a matter of law that she was not that there was no mandate for the 3553A factors, but I think the salient point here for this court to review is the fact that ultimately she did rely on the 3553A factors. And so her comment on the law was ultimately undermined by what she ended up doing. And then, of course, by the CAO. What language allows you to argue that she did consider the 3553A factors? What in her order? Convinces you that she did. She noted the party's briefing, which had, of course, litigated those issues and briefed them before the judge. And then she noted, of course, the criminal history and the fact that the guidelines had remained same, which are, of course, two key 3553A factors. OK. Thank you. Your time has just about expired. Thank you very much. Mr. Fields has retained two minutes for rebuttal. Yes, Your Honor. On the plain error in the government's brief, they said the defense counsel never mentioned 3553A. But as Judge Jacobs just pointed out, and the conclusion of the letter requesting, the motion requesting a reduction, counsel did mention 3553A. And both parties proceeded on the premise that 3553A would be the standard governing how the court would consider whether to reduce the sentence. And the court did. Issue of ruling. And it comes to respect to the only other time, the only two times does the district court mention 3553A. Once in its written or written ruling where it says it doesn't have to apply them. And then in its written order where it mentions 3553A. But those factors are limited by Sentencing Guideline 1B1.10, which requires that the defendant's sentencing guideline range have been reduced by any changes and changes coming from the Sentencing Commission. So since this was before Holloway, the record, the combination of factors in this case indicates the court may have misapprehended its authority to grant sentence reduction. And with respect to the underlying offense, it is two street level sales of crack, 28 grams and 62 grams. And the firearm offense is a felon in possession offense where he was a intermediary in the sale. He took the C.I. to an apartment building where he waited in the lobby and the seller took him upstairs to an apartment. And so the C.I. of the gun where Hernandez was just an intermediary. It's always a serious offense when a person possesses a firearm illegally, especially a convicted felon. But the nature of the offense was he was an intermediary. He was not carrying it in relation to any drug transaction. He's just a low level street seller. And this office evolved to low level streets. It was regarding to what the history, the original sentencing judges desires were. He would have considered imposing a 24 year sentence, which is essentially the sentence Mr. So with all these factors, we expect to request that the court demand the case to the district court for reconsideration of Mr. More Hernandez's motion for reduction of the sentence of the first go back. Thank you, counsel. Thank you both. Interesting case. The next case on our calendar is on submission. So I will ask the clerk to adjourn.